Maston v. Ross, 201 Ill. App. 355.

## George B. Maston, Appellee, v. J. C. Ross, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

### Statement of the Case.

Action in assumpsit by George B. Maston, plaintiff, against J. C. Ross, defendant. From a judgment for plaintiff, defendant appeals.

The action was originally brought against the defendant and his wife, and resulted in a judgment against both defendants. After the granting of a new trial as to the wife, because of lack of evidence to support a judgment against her, the plaintiff dismissed as to her and, without amending his declaration, proceeded against the other defendant, against whom a judgment was rendered. On appeal the case was reversed and remanded on the ground that it was error to render a judgment against one defendant in an action in assumpsit brought against two defendants without amending the declaration when the action had been dismissed as to one defendant because there was no evidence against her and not because of a personal defense, such as infancy, bankruptcy or the like. *Maston v. Ross,* 185 Ill. App. 57. On the case being reentered in the Circuit Court, the declaration was amended so that the action stood against the husband only, and resulted in a judgment against him.

A. R. HALL and O. M. JONES, for appellant; HALL & HOLADAY, of counsel.

DYER & DYER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

DISMISSAL, NONSUIT AND DISCONTINUANCE, § 29*—*what does not constitute discontinuance of entire action.* The dismissal of an action in assumpsit as against one of two defendants sued jointly, because of lack of evidence to support a judgment against such defendant, *held* not a discontinuance of the entire action, the plaintiff having a right to amend his declaration and to state a cause of action and proceed against the other defendant.